```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

ELLIS BROWN                                              PETITIONER

VS.                              CIVIL ACTION NO. 3:23CV607TSL-LGI

WARDEN C. HARRISON                                       RESPONDENT

<u>ORDER</u>

This cause is before the court on the July 27, 2024 report and recommendation of United States Magistrate Judge LaKeysha G. Issac. Therein, she recommended that Brown's § 2241 petition be dismissed for failure to exhaust. Brown has filed an objection to the report and recommendation, and the court, having reviewed the report and recommendation and petitioner's objection, and having conducted a <u>de novo</u> review, concludes that the objection should be overruled, the report and recommendation should be adopted as the opinion of the court and the petition should be dismissed based on Brown's failure to exhaust.

By his petition, Brown raised multiple challenges to the Bureau of Prisons' (BOP) calculation of his First Step Act Time Credits (FTC), which can be applied toward earlier placement in pre-release custody, such as Residential Reentry Centers (RRCs) and home confinement, and/or earlier release to commence a term of supervised release. In the brief in support of the petition, Brown conceded that he had not completed the BOP's three-step

1

administrative remedy process as to any of the four grounds asserted.  He explained with regard to grounds one and two that his counselor would not return a signed BP-8 form (indicating that he had attempted informal resolution); his case manager thereafter advised him to file a first level BP-9 form but also stated that a BP-9 filed without a signed BP-8 would be denied; and his request to speak to the warden about the situation was denied.  Regarding grounds three and four, petitioner stated that he was told that only the warden could grant the requested relief, and so, more than thirty days before filing his petition, he sent the warden multiple electronic requests for relief and spoke to him about it in person.  Petitioner argued that his "more than reasonable effort to resolve the above issues through the BOP's Administrative Remedy path" satisfied the exhaustion requirement.

In his January 18, 2024, opposition to the petition, respondent asserted, among other reasons, that dismissal was required based on Brown's failure to exhaust.  Despite respondent's challenge to his exhaustion efforts, petitioner did not file a rebuttal, and on July 27, 2024, the magistrate judge issued her report and recommendation correctly concluding on the record before her that Brown had failed to complete the BOP's required administrative exhaustion process in accordance with the BOP's procedural rules and that any failure to receive a signed

BP-8 or having a BP-9 denied would not have rendered the administrative remedies unavailable or resort to them futile. Instead, as set out in the report and recommendation, denial of a BP-9 for any reason would have permitted petitioner to pursue an appeal to the Regional Director. Brown clearly did not sustain his burden to demonstrate the futility of administrative review. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).

By his objection, Brown now claims that the reason that he did not fully pursue his administrative remedies before filing his petition was that he feared retaliation from his then-unit counselor,[1] who was known to mistreat inmates and retaliate against them when they complained. The objection also details his efforts to exhaust his claims after he received the government's opposition to his petition in January. He submits that his more recent attempt was equally as futile as the first.

The court will not consider petitioner's new argument to excuse exhaustion. He clearly had an opportunity to present this reason to the magistrate judge, either in his petition or in rebuttal to the government's opposition and did not do so. See Finley v. Johnson, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citation omitted) ("[I]ssues raised for the first time in objections to the

---

1   According to petitioner, he was moved to a different unit in September 2023.

3

report of a magistrate judge are not properly before the district judge.").

Based on the foregoing, it is ordered that petitioner's objection is overruled and the July 26, 2024 report and recommendation is adopted as the opinion of the court. It follows that the petition will be dismissed without prejudice for failure to exhaust.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 21st day of August, 2024.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

4